# Carpenter's Estate.

*Wills—Construction—Absolute gift—Subsequent modification—How far such modification cuts down original gift.*

Where there is an absolute gift followed by other directions touching its enjoyment, or further limitations, which purposes do not exhaust the entire beneficial interest, and there is a failure of such purposes, then the absolute gift remains. The primary question is whether the original gift, standing by itself, carries an absolute estate, and the secondary question is whether the original gift being ascertained to be absolute, it is essentially cut down by the qualifications or restrictions annexed to it. Thus, under a gift to testator's widow for life, with remainder to "all my children that may then be living and the lawful issue of such of them as may then be deceased," followed by a modifying clause creating separate-use trusts for the daughters during their lives, with remainders to their children, each daughter, unmarried and without issue, surviving the widow has an absolute interest, notwithstanding the separate-use clause, in the principal of her share, which passes on her death to her executor.

Exceptions to adjudication. O. C. Phila. Co., April T., 1885, No. 508.

The facts and the clause of the will under consideration appear from the following extract from the adjudication of the Auditing Judge (VAN DUSEN, J.) :

"The fund here accounted for was awarded by adjudication on the trustee's third account, confirmed *nisi* June 6, 1917, to be retained by the accountant as trustee for Mary F. Green and Addie C. Carpenter upon the uses and trusts declared by the will of the testator. The account is filed at this time because of the death of Addie C. Carpenter on Aug. 18, 1926.

"Testator gave the residue of his estate to his wife for life, and after her decease 'unto all my children that may then be living, and the lawful issue of such of them as may then be deceased . . . so however that the parts or shares to which my daughters may respectively be entitled under this will shall remain . . . in trust for the sole and separate use of my daughters during their lives, and immediately after the decease of my said daughters respectively then I give, devise and bequeath the part and share of such daughter or daughters unto all and every the child and children of such daughter or daughters who may be then living, and the lawful issue of any such child or children who may then be deceased.'

### Carpenter's Estate.

"One of the daughters, Addie C. Carpenter, has died, unmarried and without issue. The question is whether her share was given to her absolutely, modified only by the separate-use trust for her for life, with remainder to her children, if any; or whether the first gift to the daughter has been virtually canceled by the trust provisions, so much so that there is an intestacy as to the principal for lack of any disposition thereof by the will in the event that she has no children, as has actually happened. In the first case, the property being her own, it would go under her will and must be awarded to her executor."

The Auditing Judge awarded the principal of Addie C. Carpenter's share to her executor, to which action exceptions were taken.

*Pierce Archer, Jr.*, for exceptant.

*G. W. Pepper, Thomas Stokes* and *Theodore S. Paul*, contra.

Gest, J., Dec. 11, 1926.—These exceptions present a problem of testamentary construction which was ably argued on both sides.

The general principle that governs this class of cases is clear enough, and may perhaps be thus stated, viz.: Where there is an absolute gift followed by other directions touching its enjoyment, or further limitations, which purposes do not exhaust the entire beneficial interest, and there is a failure of such purposes, then the absolute gift remains. The primary question is whether the original gift, standing by itself, carries an absolute estate, and the secondary question is whether, the original gift being ascertained to be absolute, it is essentially cut down by the qualifications or restrictions annexed to it.

In the present case the testator clearly devised his residuary estate, after the death of his wife, to all his children then living, and then qualified his gift by proceeding, without pause or punctuation, "so however that the parts or shares to which my daughters may respectively be entitled shall remain in the hands of my executors to be held by them in trust" etc. The words "so however" indicate, it is true, a further or alternative intention in contrast with what precedes, but all that the testator does is to direct that the daughter's share shall, instead of passing to her directly and immediately, "remain in the hands of the executors" for a certain time and for certain purposes. The gift itself is not cut down by this direction, which is modal only and regulates its beneficial enjoyment, as the succeeding clauses indicate. The trustees, who are limited to investments in certain securities, are directed to pay the income to the daughters for their sole and separate use for the term of their lives, and on their decease, respectively, the testator gives and devises "the parts or shares of such daughters" unto all their children or issue then living. Here, again, the testator refers to "the parts or shares of such daughters," and the gift to their children or issue takes effect, and can only take effect, if they should leave children or issue. That is to say, the testator gave in the first instance a fee or absolute estate to his daughter, and modified it by a trust for life for their protection; and this absolute estate was only subject to be defeated in favor of their children or issue if they should leave any at their deaths.

From our analysis of the provisions of the will, we conclude that the Auditing Judge was correct in his award of Addie Carpenter's share to the executor of her will. The adjudication relied largely upon McAleer's Estate, 4 Dist. R. 360, and as the Auditing Judge remarked, the present case is stronger, as the initial devise is not so clear in McAleer's Estate as it is here. Penrose's Estate, 4 Dist. R. 773, decided some six months after McAleer's Estate, was

somewhat similar, but there the testator expressly devised his daughters' shares to his trustees in trust for them (as we have ascertained from the record of the case), whereas in the present will the gift of their shares is made directly to the daughters, the same merely to remain in the hands of his trustees to accomplish a purpose which has failed.

We do not think it at all necessary to discuss the numerous decisions relative to this class of cases, some of which were cited in McAleer's Estate and Penrose's Estate, and others were referred to in the argument. We have examined them with care and do not find in them any reasoning applicable to the present case which would lead to a different conclusion. Accordingly, the exceptions are dismissed and the adjudication is confirmed absolutely.